UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JULIO CRUZ RODRIGUEZ,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26cv6098-LL-JLB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 6]

Presently before the Court is Petitioner Julio Cruz Rodriguez's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 10 ("Pet."). Respondents filed a Return [ECF No. 7], and Petitioner filed a Traverse [ECF No. 9]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

Petitioner is a citizen of Guatemala, who entered the United States with his family on March 2, 2021. Decl. of Julio Cruz Rodriguez ("Cruz Rodriguez Decl.") ¶ 1, ECF No. 6-1. On August 7, 2026, Petitioner was arrested for DUI and detained for one day at the Escondido County Jail. *Id.* ¶ 2; ECF No. 7-1 at 4. As Petitioner was leaving the jail, an ICE officer arrested Petitioner. Cruz Rodriguez Decl. ¶ 2. Petitioner alleges that the ICE agents did not show him any document when they arrested him. *Id.* ¶ 3. Petitioner was taken to

the Otay Mesa Detention Center, where he was served with a Notice to Appear and placed in removal proceedings. *Id.* ¶ 4. Petitioner states that he has never been arrested or convicted of a crime before the August 8, 2026 incident. *Id.* ¶ 5.

On November 4, 2026, Petitioner filed the instant Amended Petition, alleging that Petitioner was unlawfully arrested without an administrative warrant or a Notice to Appear. Pet. 2–8.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)).

## III. DISCUSSION

Petitioner claims that his arrest was unlawful because Respondents failed to issue an administrative warrant or a Notice to Appear ("NTA") before arresting him. Pet. 2–8. In response, Respondents submitted a warrant that was issued and served on August 8, 2026. ECF No. 7-1 at 7. Respondents further argue that because Petitioner received a bond hearing on October 5, 2026, he must exhaust his administrative remedies before the Board of Immigration Appeals ("BIA") before seeking relief before this Court. *Id.* at 3–6.

### A. Exhaustion

Respondents argue that Petitioner was required to exhaust administrative remedies with the BIA before bringing the instant Amended Petition because "[t]he BIA is the subject-matter expert in immigration bond decisions" (Ret. 5). *See id.* 3–6. Petitioner

argues that exhaustion is not required because he is not appealing the IJ's bond determination but challenging Respondents' warrantless arrest. Traverse 5–6. The Court agrees with Petitioner.

Here, Petitioner challenges the statutory authority for his arrest and detention based on the Immigration and Nationality Act's ("INA") warrant requirement, not the IJ's October 5, 2026 bond decision. *See generally* Pet. Thus, "[a] post-hoc bond hearing where the [IJ] would only consider [a petitioner's] potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant." *Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034, at *2 (E.D. Cal. Aug. 7, 2026). Accordingly, the Court finds that Petitioner was not required to exhaust administrative remedies and turns to the merits of the Amended Petition.

**B. Warrantless Arrest**

Petitioner argues that his arrest was unlawful because Respondents did not issue and serve an administrative warrant or an NTA before his arrest. Pet. 2–8; Traverse 2–3. While Respondents submitted an administrative warrant that was served on August 8, 2026 (ECF No. 7-1 at 7), they do not claim that the warrant was served *before* Petitioner's arrest and merely state that "Petitioner was served a Form I-200, Warrant for Arrest, on August 8, 2026." Ret. 6. Respondents also do not address whether an NTA was issued before Petitioner's arrest, and no NTA was submitted to the Court. *See generally* Ret. Petitioner argues that even if Respondents had served a warrant before Petitioner's arrest, such warrant was invalid because it was not preceded by an NTA. Pet. 7–8; Traverse 2–3. Because the Court finds that Respondents unlawfully arrested Petitioner without an administrative warrant, it declines to address Petitioner's argument regarding the NTA.

As a threshold matter, it is undisputed that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see also* Ret. at 2. Section 1226(a) permits the arrest and detention of a noncitizen pending removal proceedings "[o]n a warrant issued by the

Attorney General." 8 U.S.C. § 1226(a); *see also J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). Here, Respondents do not claim that a warrant was served *before* Petitioner's arrest (Ret. 6); therefore, the Court must analyze whether Respondents had statutory authority to execute a warrantless arrest.

Section 1357 allows immigration authorities to execute warrantless arrests when specific conditions are met:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any [noncitizen] in the United States, *if* he has *reason to believe* that the [noncitizen] so arrested is in the United States in violation of any such law or regulation *and is likely to escape before a warrant can be obtained* for his arrest, but the [noncitizen] arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine [noncitizens] as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2) (emphasis added). "The phrase 'has reason to believe' has been equated with the constitutional requirement to probable cause.'" *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980). The corresponding implementing regulation further demands that "[a] warrant of arrest shall be obtained except when the designated immigration officer has *reason to believe that the person is likely to escape before a warrant can be obtained*." 8 C.F.R. § 287.8(c)(2)(ii) (emphasis added). The regulation also provides that "[w]ith respect to [a noncitizen] arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a noncitizen] arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Upon arresting a noncitizen without a warrant:

> a determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante v. LaRose*, No. 3:26-CV-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

This Court agrees with the reasoning in *Diaz Escalante*, *M-J-M-A*, and *Castro Chivalan*. Section 1357(a)(2) requires that the arresting immigration officer have reason to

believe that the noncitizen is both (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the [noncitizen] is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 U.S.C. § 287.8(c)(2)(ii))).

Here, Respondents have not provided any evidence or any argument that the ICE officer who arrested Petitioner had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). Thus, the only basis for arresting Petitioner was ICE officer's belief that Petitioner was unlawfully present in the United States. However, the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents attempt to justify the validity of Petitioner's warrantless arrest by pointing to the administrative warrant that was issued and served on the same day as Petitioner's arrest. Ret. 2, 6. However, the Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen's arrest fails to effectively "cure" a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that "[a noncitizen] arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the

arresting officer." 8 C.F.R. § 287.3(a). Notably, "section 287(a)(2) of the Act" refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. 8 C.F.R. § 287.3(a); 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in [section 1357(a)(2)]," he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained." 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792, at *4 ("In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen's arrest is made consistent with the statute." (citation omitted)). Although Respondents issued a warrant the day after Petitioner's arrest, the initial arrest was unlawful and, thus, cannot be cured by a warrant after the fact. *See M-J-M-A*, 822 F. Supp. 3d at 1158 ("An arrest cannot be justified after the fact."); *Martinez Alaniz*, 2026 WL 3091261, at *3 ("This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." (internal quotation marks and citation omitted)).

Therefore, the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and thus does not justify his continued detention. Because providing Petitioner another bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v.*

*Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus and **ORDERS** that Respondents immediately release Petitioner from custody. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 23, 2026



Honorable Linda Lopez
United States District Judge